IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESEE

JAMIE CRUZ,
    Plaintiff

v.

SONY MUSIC ENTERTAINMENT (RCA RECORDS), VALORY MUSIC GROUP (BIG MACHINE RECORDS), VIACOM MEDIA NET (MTV & VH1), MILEY CYRUS, MIKE WILL I MADE IT;
    Defendants

CIVIL ACTION No. 3:14-CV-623
Jury Trial Demand

RECEIVED
IN CLERK'S OFFICE
OCT 31 2014
U.S. DISTRICT COURT
MID. DIST. TENN.

## AMENDED COMPLAINT

### I. Introduction

This is a copyright infringement action against both music executives and entertainer(s) for their unauthorized reproduction, distribution, and/or performance of Plaintiff's musical works for financial gain. Plaintiff seeks monetary damages, declaratory and injunctive relief against defendants in their individual capacities. Plaintiff further reserves the right to seek criminal penalties pursuant to the federal Copyright Act of 1976.

### II. Jurisdiction

1. This Honorable Court has jurisdiction of this action that raises a "Federal Question" pursuant to the United States Constitution, Article III, Section 2; Title 28 U.S.C.A § 1331, and the Copyright Act of 1976.

## III. Parties

2. Plaintiff, Jamie Cruz, is currently an incarcerated inmate at the State Correctional Institution, Huntingdon, serving a state sentence of 3 to 6 years that is to expire February 2014. ~~Plaintiff is also a war veteran, serving and defending the integrity of the United States in the Iraqi War, which he recieved an Honorable discharge when being injured during fierce enemy aggression.~~ Since Plaintiff's incarceration to the Pennsylvania Department of Corrections he has been mentally rehabilitated, and now is an aspiring song-writer, being the genuine author of song "We Can't Stop" that is the subject of this copyright infringement action.

3. Defendant "Sony Music Entertainment" (hereinafter "Sony") was the distributor of the infringed musical works, for financial gain.

4. Defendant "Valory Music Group" is the parent company of "Big Machine Records", being the initial infringer of Plaintiff's musical works for financial gain.

5. Defendant "Viacom Media Net" (hereinafter "Viacom") is the network provider of both VH1 and MTV cable stations, that provided the venue for the unauthorized performance of Plaintiff's music works for financial gain, and the publically false representations as to the authorship of Plaintiff's musical works.

6. Defendant "Mike Will Made It" is a music producer who was employed by RCA Records, who fraudulently represented that he was the author of Plaintiff's musical works, on a VH1 program. Further selling Plaintiff's work as his own for financial gain.

7. Defendant "Miley Cyrus" is the actual unauthorized performer of Plaintiff's musical works on the MTV cable station for financial gain.

8. All defendants are sued in their individual capacities.

## IV. FACTS

9. During Plaintiff's incarceration he has found solitude and tranquility in the art of songwriting. This including music and lyrics. Plaintiff has amassed a large catalog of songs in different genres of music, including, as subject to this action, the song "We Can't Stop."

10. In the month and year of November 2011 Plaintiff sought copyright protection of song "We Can't Stop", by following all the procedures of the Copyright Office in Washington, D.C.; submitting a completed application form, deposit, and fee (request for special relief). Plaintiff heard nothing further, and was left to assume his material was registered, and he was awaiting his copyright certificate.

11. After forwarding all necessary paperwork to the Copyright Office as prescribed by law, and not recieving a response for ~~several~~ months, Plaintiff desired to shop his musical work seeking an interested purchaser of the song "We Can't Stop", this encompassing the lyrics and music to the song.

12. In the year of January 2012 Plaintiff mailed a copy of the song "We Can't Stop" to Defendant "Big Machine Records", with an explicit disclaimer that the song was for sale, and any reproduction, distribution, or otherwise was unauthorized by Plaintiff. Plaintiff further made clear that Plaintiff was the sole author of the lyrics and producer of the written music to the song. Plaintiff recieved no response of intent to purchase his work by Big Machine Records.

13. It wasn't until August, 2013 as Plaintiff sat in his cell watching the Video Music Awards (VMA), to his utter horror and disbelief, Defendant Miley Cyrus as a guest appearance, was performing Plaintiff's song "We Can't Stop" almost word for word, coupled to Plaintiff's very own written music. Cyrus never sought or gained Plaintiff's consent to perform his song nor music at the VMA awards, or anywhere else for that matter.

14. Needless to say, Plaintiff's song was considered a smash hit. Plaintiff's song was compiled on Cyrus's album "Bangerz" that went on to net millions of dollars. The song as a single also netted millions as well, and it is believed to have since been performed by Cyrus numerous times, possibly internationally.

15. After said performance, Plaintiff wrote the Copyright Office in Washington, D.C., inquiring as to the certificate for his musical work that he had yet to recieve after following all procedures of the Copyright Office almost (2) years preceding the unauthorized performance of Cyrus.

16. In the Copyright Office's response, Plaintiff learned that his registration of the song "We Can't Stop" had been "refused", without any further explanation.

17. Plaintiff filed suit February 4, 2014 that caused quite a buzz in the music industry and media. Consequently, the stir exposed Cyrus and those closely associated with the infringement to alot of negative publicity.

18. In an effective but illegal conspiratorial effort of damage control, Defendant Mike will I made It appeared on Defendant Viacom's network, MTV Channel, on the program "Miley Cyrus Movement" in 2014, as a conduit of RCA records.

19. The show in large part was surrounded around the song "We Can't Stop" and its origin.

20. On the show, Defendant Mike Will I Made It, knowingly made false representations that he was in fact the true author of song "We Can't Stop" even going as far to imply that he wrote the song especially for Cyrus, and when he presented to her and she sang the song, he knew it was an organic fit. This defendant's public averments are nothing less than fraud.

21. Plaintiff reserves the right to amend the complaint as facts are uncovered through the discovery process.

## V. CAUSE OF ACTION

22. Defendant Sony reproduced and distributed Plaintiff's musical works nationally/internationally for financial gain. The reproduction and distribution was unauthorized by Plaintiff, nor did Plaintiff enjoy any of the profits from said reproduction and distribution.

23. Defendant Valory Music Group had initial possession of Plaintiff's musical works, who in turn, either sold or forwarded such to RCA Records/Mike Will I Made It for sale without Plaintiff's authorization.

24. Defendant Viacom provided the venue for the unauthorized performance by Cyrus of the song "We Can't Stop", on their cable channel VH1, during the Video Music Awards in August 2013. Defendant Viacom also provided the venue for co-defendant Mike Will I Made It to make fraudulent representations as to his authorship of song "We Can't Stop."

25. Defendant Miley Cyrus performed the song "We Can't Stop" without Plaintiff's authorization at the Video Music Awards in August 2013, and possibly still performing the song to this day without Plaintiff's authorization for financial gain.

26. Defendant Mike Will I Made It, made public statements falsely representing that he was the author of song "We Can't Stop", knowing said statement was false, thereby illegally claiming ownership. This defendant further sold said song to Defendant Cyrus without Plaintiff's authorization.

27. All defendants in concert engaged in a conspiracy to publically further false representations that Plaintiff was not the author of song "We Can't Stop", thereby aiding and assisting one another in the criminal theft of Plaintiff's intellectual property.

## VI. Relief

28. Plaintiff seeks a declaratory judgment that the unauthorized performance, reproduction, distribution, and illegal claimed authorship of his musical works was in violation of the Copyright Act of 1976.

29. An preliminary/permanent injunction enjoining defendants and their associates from continuing to perform, reproduce, distribute, and claim authorship and ownership of the song "We Can't Stop."

30. Compensatory damages against each defendant, that includes but not limited to: Full monetary amount of the sale of song "We Can't Stop" with statutory interest; 100% royalties, masters, and publishing to song "We Can't Stop" being applied retroactively; monetary percentage of the commercial advertising sales space of MTV & VH1 during the unauthorized performance of "We Can't Stop"; monetary percentage of the commercial advertising sales space of MTV during program "Miley Cyrus Movement", etc...

31. Punitive damages against each defendant.

32. Any other relief this Honorable Court may deem just and appropriate.

## VERIFICATION

I, Jamie Cruz, verify under the penalty of perjury that everything contained herein is true and correct to the best of my personal knowledge, information and/or belief.

DATE: 10/28/14

/s/ Jamie Cruz, Pro se Plaintiff
1100 Pike Street
Huntingdon, PA 16654-1112

Prepared by:

DATE: 10/22/14

/s/ Corey Bracey, GS 4754
1100 Pike Street
Huntingdon, PA 16654-1112

# CERTIFICATE OF SERVICE

I, Jamie Cruz, certify under the penalty of perjury that I caused a true and correct copy of the herein contained "Motion to Amend" to be served on the undernamed party, via First Class U.S. mail, by depositing the same in the institution mailbox.

Clerk of Court
800 Courthouse Ave
Nashville, Tennessee 37302

/s/ Jamie Cruz
Jamie Cruz, Pro se Plaintiff
1100 Pike Street
Huntingdon, PA 16654-1112

DATE: 10/28/14
CC: FILE