# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| JAMIE CRUZ, | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| | )   **CASE NO. 3:14-0623** |
| vs. | )   **JUDGE TRAUGER/KNOWLES** |
| | ) |
| | ) |
| | ) |
| | ) |
| RCA RECORD LABEL, et al., | ) |
| | ) |
|     **Defendants.** | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a "Motion to Dismiss the Amended Complaint . . ." filed by all Defendants, except a Defendant known as "Mike Will I Made It."[1] Docket No. 93. The Motion is filed pursuant to Fed. R. Civ. P. 12(b)(6), and Defendants' Memorandum of Law is included in the Motion. The pro se Plaintiff has filed a Response in Partial Opposition to the Motion to Dismiss. Docket No. 118. With leave of Court (Docket No. 122), Defendants have submitted a Reply to the Response. Docket No. 123. Judge Trauger has referred this action to the undersigned "for case management, decision on all pretrial, non-dispositive motions and report and recommendation on all dispositive motions under 28 U.S.C. § 636(b)(1) and to conduct any necessary proceedings under Rule 72, Fed. R. Civ. P." Docket No. 22.

This is a copyright infringement action brought by Plaintiff, who, at the time of the filing

---

[1] Defendant "Mike Will I Made It" has also been referred to as "Mike Will Make It." Docket Nos. 62, 105. Plaintiff obtained a Summons for "Michael Len Williams II (aka) Mike Will Make It." Docket No. 105. That Summons was returned unexecuted. Docket No. 120. Insofar as the record shows, this Defendant has never been served.

of the Complaint, happened to be an inmate at the State Correctional Institution in Huntingdon, Pennsylvania. Docket No. 1. He initially filed this action in the United States District Court for the Middle District of Pennsylvania, which transferred the case, *sua sponte*, to this Court. Docket No. 19.

Plaintiff's operative Complaint is the "Amended Complaint" he filed on January 26, 2015. Docket No. 89. Plaintiff avers that this Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 (federal question) and the Copyright Act of 1976. *Id*., p. 1. He avers that he is the author of the song "We Can't Stop" "that is the subject of this copyright infringement action." *Id*., p. 2. He avers that Defendant Sony Music Entertainment was the distributor of the infringed musical work. He avers that Defendant Valory Music Group is a parent company of "Big Machine Records," and the initial infringer of the musical work. He avers that Defendant Viacom Media Net provided the venue for the unauthorized performance of Plaintiff's musical work. He avers that Defendant "Mike Will I Made It" is a music producer who was employed by RCA Records, who fraudulently represented that he was the author of the musical work on a VH1 program. Finally, he avers that Defendant Miley Cyrus is the "actual unauthorized performer" of the musical work on the MTV cable station.

In a segment headed "FACTS," he states that he has amassed a large catalog of songs including the song "We Can't Stop." He avers that in November 2011, he "sought copyright protection" of the song "by following all the procedures of the Copyright Office in Washington, D.C. submitting a completed application form, deposit, and fee (request for special relief)." He avers that he heard nothing further and was left to assume that his material had been registered and he was simply awaiting his Copyright Certificate. He states that in January 2012, he mailed

a copy of the song to Defendant Big Machine Records offering the song for sale. With his copy of the song to Big Machine Records, he sent "an explicit disclaimer that the song was for sale, and any reproduction, distribution, or otherwise was unauthorized by Plaintiff." *Id.*, p. 3. He also "made clear that Plaintiff was the sole author of the lyrics and producer of the written music to the song. He avers that he received no response of intent to purchase his work by Big Machine Records.

He avers that in August 2013, he was watching television (the Video Music Awards) in his cell and he saw Defendant Miley Cyrus perform his song "We Can't Stop" "almost word for word, coupled to Plaintiff's very own written music." *Id.*, p. 3. Moreover, the song was a smash hit and was compiled on Cyrus' album "Bangerz," that netted millions of dollars. *Id.*

After he saw the television performance, he wrote the Copyright Office in Washington, D.C. inquiring as to the Certificate for his musical work that he had yet to receive "after following all procedures of the Copyright Office almost (2) years preceding the unauthorized performance." *Id.* He avers, "in the Copyright Office's response, Plaintiff learned that his registration of the song "We Can't Stop" had been "refused," without any further explanation.

Plaintiff sues all Defendants for copyright infringement and conspiracy. He further avers that Defendant "Mike Will I Made It," made public statements falsely representing that he was the author of the song, and that he sold the song to Defendant Cyrus without Plaintiff's authorization.

Defendants raise three arguments in the instant Motion. First, Defendants contend that Plaintiff's failure to apply for registration of the song he claims to have written bars the claims made in his Amended Complaint. Second, Defendants argue that Plaintiff is not entitled to a

preliminary injunction. Third, Defendants argue that Plaintiff cannot recover punitive damages for claims under the Copyright Act as a matter of law.

The United States Supreme Court has recently addressed the appropriate standard that must be applied in considering a Motion to Dismiss for failure to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The *Iqbal* Court stated in part as follows:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

556 U.S. at 678-79 (citations omitted).

Defendants argue that the Copyright Act provides in relevant part "[N]o civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." Docket No. 93, p. 5, *citing* 17 U.S.C. § 411(a); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166 (holding that § 411(a) imposes a precondition to filing an infringement claim); *Coles v. Wonder*, 283 F.3d 789, 801 (6th Cir. 2002) ("[A] cause of action for infringement cannot be enforced until the artist actually registers the copyright pursuant to the requirements of the Copyright Act."). In order to

4

register a copyright "in accordance with this title," one must deliver to the Copyright Office the deposit of the work at issue "together with the application and fee specified by sections 409 and 708." 17 U.S.C. § 408(a). Defendants argue that Plaintiff has not set forth facts to show that he complied with the Copyright Act's registration requirements.

The only allegations regarding Plaintiff's copyright registration found in the Amended Complaint are as follows:

> 10. In the month and year of November 2011, Plaintiff sought copyright protection of song "We Can't Stop, by following all of the procedures of the Copyright Office in Washington, D.C., submitting a complete application form, deposit, and fee (request for special relief).
> . . .
>
> 15. After said performance, Plaintiff wrote the Copyright Office in Washington, D.C., inquiring as to the Certificate for his musical work that he had yet to receive after following all procedures of the Copyright Office almost (2) years preceding the unauthorized performance of Cyrus.
>
> 16. In the Copyright Office's Response, Plaintiff learned that his registration of the song "We Can't Stop" had been "refused," without any further explanation.

Docket No. 89, ¶¶ 10, 15, 16.

It is important to note that Plaintiff never alleges that he actually complied with the relevant provisions of the Copyright Act. Instead, he states that he "sought copyright protection of the song" and that he subsequently learned that his registration of the song had been "refused" without any further explanation. While Plaintiff avers in his Amended Complaint that he followed "all the procedures of the Copyright Office," that is a legal conclusion, not a fact.

Plaintiff takes the position in his Amended Complaint that he actually did submit an

application with a "request for special relief" from the fee requirement. Docket No. 93, p. 6, *citing* Docket No. 89, p. 2 ¶ 10. The Court accepts those facts as true. But those facts are irrelevant, because there are three necessary elements required for registration: the deposit, the application, and the fee. *Jones v. U.S. Copyright Office*, 2014 WL 5149209 at *6 (M. D. Kan. October 14, 2014). Additionally, 37 C.F.R. § 202.3(c)(2) provides in part "All completed application forms shall be accompanied by the appropriate filing fee . . . ." Docket No. 93, p. 6.

As Judge Trauger has previously stated, District Courts within the Sixth Circuit "have uniformly concluded that, upon a motion for failure to state a claim under Rule 12(b)(6), claims premised on unregistered copyrights must be dismissed in light of § 411(a)." *Schenck v. Orosz,* 2013 WL 5963557 at *7 (M.D. Tenn. November 7, 2013) (footnote and citations omitted). *See also Sony/ATV Music Publishing LLC v. D. J. Miller Music Distributors, Inc.,* 2010 WL 3872802; *Maxberry v. University of Kentucky Medical Center,* 39 F. Supp. 3d 872, 875 (E.D. Ky. 2014).

In his Response to the instant Motion, Plaintiff begins his argument with the following statement:

> While the defendants did not challenge the allegations of the complaint as not stating a claim under the Copyright Act, and this is inferred as their acceptance that Plaintiff has sufficiently stated a claim which relief can be granted, Plaintiff will nonetheless briefly address the allegations and claims for clarity purposes.

Docket No. 118, p. 2.

The Court has no idea what Plaintiff means. Defendants obviously have challenged the Complaint as not stating a claim under the Copyright Act.

Plaintiff argues that he submitted a request for special relief from the fee requirement.

Docket No. 118, p. 3. He further notes that Defendants have argued that the request for special relief has nothing to do with the fee requirement, but instead concerns the requirement that the applicant deposit original copies of the work, *citing* 17 U.S.C. § 408(c). Plaintiff then claims that he mistakenly "cited the language of 408(c) instead of 708(c)." Docket No. 118, p. 3.

Again, the Court is perplexed. Plaintiff did not cite the language of 408(c) in his Amended Complaint, nor did he cite § 408(c) at all. He then argues that 17 U.S.C. § 708(c) "makes provision for the waiver of the filing fee that comparable to the waiver of the deposit requirement in 17 U.S.C. § 408(c)." He quotes the language of § 708(c) as follows:

> The fees prescribed by or under this section are applicable to the United States Government and any of its agencies, employees, or officers, but the Register of Copyrights has discretion to waive the requirement of this subsection in occasional or isolated cases involving relatively small amounts.

As Defendants correctly point out in their Reply, however, § 708(c) provides that the Register of Copyright may waive fees for the U.S. Government and any of its agencies, employees, or officers. Plaintiff does not fall into any of these categories.

Moreover, neither § 408(c) nor § 708(c) specifically discusses a "request for special relief." The only references to requests for special relief in relation to copyright law of which the Court is aware are found in 37 CFR § 202.19(e) and § 202.20(d). Neither of these provisions pertains to special relief with regard to the fee requirement. Plaintiff offers no authority for the proposition that, by merely requesting "special relief," he satisfies the fee requirement of § 411(a).

Plaintiff finally argues that Defendants have erroneously claimed that he did not comply with § 411(a) because after the application was "refused," Plaintiff did not submit notice of suit

to the Copyright Office with a copy of the Complaint. As discussed above, § 411(a) essentially provides that no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with Title 17. That section continues:

> In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute a civil action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights.

Plaintiff apparently overlooks the fact that the notice and service provision of § 411(a) allows an applicant to institute a civil action for infringement "where the deposit, application, and *fee required for registration have been delivered* to the Copyright Office in proper form . . . ." (Emphasis added).

For the foregoing reasons, the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted with regard to all moving Defendants. Therefore, the instant Motion (Docket No. 93) should be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985),

*reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge